# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HENRY CERVANTES, et al.,<br><br>　　　　　Defendants. | Case No. 12-cv-00792 YGR (NC)<br><br>**FIRST DISCOVERY ORDER RE: HENRY CERVANTES'S MOTION FOR PRETRIAL DISCOVERY TO AID IN THE DEFENSE OF A DEATH-ELIGIBLE DEFENDANT**<br><br>Re: Dkt. No. 95 |

The question presented is whether the Court should impose a discovery plan setting pretrial deadlines for the government's disclosures to a death-eligible defendant. The government proclaims that a Court-imposed discovery schedule is both too early and too late. On the one hand, the government says that until a trial date is set, it is premature for the Court to impose discovery deadlines. On the other hand, the government says it has voluntarily produced many thousands of pages of information and will produce more as it receives it, so no Court involvement is necessary.

The Court rejects the government's "wait and see" invitation and finds that ordering a discovery plan in this case would support the fair administration of justice. As a result, the Court GRANTS in part Henry Cervantes's Motion for Pretrial Discovery and will conduct further proceedings to promote the just and prompt determination of this case.

## I. BACKGROUND

Defendant Henry Cervantes is charged in a Superseding Indictment filed January 8, 2013. Cervantes is charged in ten counts, including most seriously two separate counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). The maximum punishment for these offenses is death. This means that the procedures set forth in the Federal Death Penalty Act, 18 U.S.C. § 3591, may apply. If the government believes that the circumstances of the offense are such that a death sentence is justified, the government shall "a reasonable time before the trial" file a notice setting forth the aggravating factor or factors that it proposes to prove as justifying a death sentence. 18 U.S.C. § 3593(a).

The United States Attorneys' Manual sets forth a process through which the defendant in a capital case may make presentations in mitigation to the U.S. Attorney and to the Attorney General before the government decides to seek a death sentence. To date, the Attorney General has not authorized the government to seek the death penalty against Cervantes. *See United States v. Feliciano*, 998 F. Supp. 166, 168-69 (D. Conn. 1998) (describing death penalty "authorization" process). And Cervantes has not yet made mitigation presentations to the government in this case.

Cervantes moved to sever his case and trial from his co-defendants. Dkt. No. 141. That motion will be presented to Judge Gonzalez Rogers. No trial date has yet been set for Cervantes or his co-defendants.

Judge Gonzalez Rogers referred all discovery disputes and discovery management to the undersigned Magistrate Judge on February 27, 2013. Dkt. No. 102. Upon the referral from Judge Gonzalez Rogers, this Court on May 8, 2013, held a hearing on Cervantes's Motion for Pretrial Discovery to Aid in the Defense of a Death-Eligible Defendant. Dkt. No. 95. The government and Cervantes agree that this motion pertains only to Cervantes and not his co-defendants. The motion seeks the issuance of a discovery order that would impose deadlines and a procedure for the necessary disclosures and discovery in this case.
//

## II. DISCUSSION

### A. Legal Authority for Discovery Order

A threshold legal question is the extent to which the Court has authority to issue orders compelling pretrial discovery in a criminal case. This order concludes that the Court has authority, both expressly under the Federal Rules of Criminal Procedure and Local Criminal Rules, and inherently under Ninth Circuit precedent, to issue orders managing criminal discovery.

#### 1. Federal Rules of Criminal Procedure

The Federal Rules of Criminal Procedure are to be interpreted to provide for the "just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2. Under Rule 12(b)(4), at the arraignment or "as soon afterward as practicable," the defendant may request notice of the government's intent to use any evidence that the defendant may be entitled to discover under Rule 16. In turn, Rule 16 identifies particular materials that the government must disclose to the defense, such as the defendant's oral statements in response to interrogation, and particular materials that are not subject to disclosure, such as statements made by prospective government witnesses except as provided in the Jencks Act, 18 U.S.C. § 3500. Finally, under Rule 16(d), in order to regulate discovery, the Court may enter any order that is just under the circumstances, including prohibiting the introduction of undisclosed evidence.

#### 2. Northern District of California Criminal Local Rules

Local Criminal Rule 16-1 sets forth additional procedures for disclosure and discovery in criminal matters. Under Local Rule 16-1, the assigned Judge or Magistrate Judge may set a schedule for disclosure of information required by Rule 16 or any other applicable rule, statute or case authority. A party, after conferring with opposing counsel, may make a motion pursuant to Criminal Local Rules 47-1 and 47-2 to "impose a schedule for such disclosure."

//

### 3. Inherent Supervisory Authority

Finally, the Ninth Circuit has explained that the district court has inherent power to regulate criminal discovery, complementing the Federal Rules. "A district court possesses inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it, to promulgate and enforce rules for the management of litigation, to punish contempt, and to remand cases involving pendent claims." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted). In order to effectuate the speedy and orderly administration of justice, "a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008). In *Grace*, the Ninth Circuit upheld the district court's order that required the government to disclose a final witness list by a certain deadline, and limiting its witnesses to those on the list. It relied on the "well established principle that district courts have inherent power to control their dockets" and the fact that "judges exercise substantial discretion over what happens *inside* the courtroom." *Id.* at 509 (internal quotation marks and citations omitted; emphasis in original). The Ninth Circuit concluded that "all federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *Id.* (internal quotation marks and citations omitted).

Judges in this district have applied the inherent powers identified in *Grace* to set pretrial discovery and disclosure deadlines. For example, in *United States v. Ortiz*, No. 12-cr-00119 SI, Judge Susan Illston ordered the government to disclose "forthwith" all non-Jencks discovery in its possession or control, subject to a heightened protective order. 2013 WL 450199, at *3 (N.D. Cal. Feb. 5, 2013). In *United States v. Cerna*, 633 F. Supp. 2d 1053, 1058 (N.D. Cal. 2009), Judge William Alsup concluded that "district courts have the authority, upon a proper record, to exercise their discretion to require non-*Jencks Brady*

Case No. 12-cv-00792 YGR (NC)
ORDER RE: MOTION FOR PRETRIAL
DISCOVERY
4

material to be disclosed prior to the commencement of trial." And recently in *United States v. Walter Liew*, No. 11-cr-00573 JSW, Judge Jeffrey White ordered that the government identify all documents and objects that it intends to use in its case-in-chief at trial by May 30, 2013, before a trial date was set. Dkt. No. 294 (Not For Publication), filed 4/10/2013.

In sum, this order concludes that the Court has authority to exercise its discretion to impose pretrial discovery and non-Jencks disclosure deadlines in criminal cases.

**B.  The Exercise of Discretion**

The Court now turns to the central question, which is whether it should begin to impose a discovery schedule now, or wait until a trial date is set. In exercising its discretion, the Court must consider the need to protect witnesses, especially civilian witnesses, from retaliation, harassment, and intimidation. "Protecting witnesses from harm is the norm, not the exception." *United States v. Pray*, 764 F. Supp. 2d 184, 190 (D.D.C. 2011). As a result, the Court must balance the defendant's constitutional rights against the concerns for witness safety.

Here, the government asserts that until there is a trial date set, it is premature for the Court to impose a discovery plan. To support this assertion, the government cites to *United States v. Fernandez*, 231 F.3d 1240, 1248 n.5 (9th Cir. 2000) and *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988). In *Fernandez*, the Ninth Circuit rejected a defendant's assertion that *Brady* compels the government to produce the prosecution's death penalty evaluation form and prosecution memorandum before the presentation to the Attorney General's Death Penalty Committee. *Brady* "merely requires the government to turn over the evidence *in time for it to be of use at trial.*" *Fernandez*, 231 F.3d at 1248 n.5 (citations omitted; emphasis in original). In *Gordon*, the Ninth Circuit found that disclosures made to the defense during trial did not violate *Brady* in that case. 844 F.2d at 1403. To escape a *Brady* sanction, disclosure "must be made at a time when disclosure would be of value to the accused." *Id.* (quoting *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985)).

//

1    Nothing in *Fernandez*, *Gordon*, or any other authority cited by the government
2    supports the proposition that discovery deadlines under Rule 16 cannot be set until a trial
3    date is set. If this were the rule, then a criminal defendant would be placed in a catch-22 of
4    needing to demand a trial date before possessing the basic information that could be used to
5    defend a case. Contrary to the government's argument, Local Criminal Rule 16-1(a) directs
6    that the parties will meet within fourteen days of arraignment to agree to a schedule for
7    Rule 16 discovery.

In this case, the government charged Cervantes by Superseding Indictment on January 8, 2013. In letters dated January 15, January 22, and February 19, 2013, Cervantes requested discovery from the government under Rule 16. Dkt. No. 97. More than four months have passed since defendant's first request. The Court finds that setting a deadline for the government's Rule 16 disclosures is not premature.

The Court therefore imposes the following initial deadlines for the government's production of Rule 16 discovery, and contemplates setting additional deadlines at the next discovery hearing. For the sake of clarity, the disclosures ordered here do not include Jencks statements. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2.

**C.    Material to Be Produced**

   **1.    Forensic Science and Lab-Related Materials**

Cervantes requests, and the Court orders the government to produce records pertinent to the investigation of the deaths of victims one and two, as detailed in Exhibit A-3 to the declaration of John Philipsborn submitted in support of Cervantes's motion for discovery. *See* Dkt. No. 97-3. These materials are within the scope of Rule 16(a)(1) discovery. Dkt. No. 140 at 6. The materials must be produced on a rolling basis, but no later than August 6, 2013 (90 days from the discovery hearing).

   **2.    Prison Files Pertinent to Count 1 of the Superseding Indictment**

Count 1 of the Superseding Indictment charges Cervantes with racketeering conspiracy. The defense asserts that the U.S. Bureau of Prisons and the California Department of Corrections and Rehabilitation both maintain individual files on each

prisoner, as well as gang investigation files, gang validation files, medical files, psychological files, and the like, most of which have not yet been obtained and disclosed. Dkt. No. 140 at 7.

### a. U.S. Bureau of Prisons files

With respect to medical records from the U.S. Bureau of Prisons, at the May 8 discovery hearing, the government stated that it may file a proposed protective order and produce the records by May 17, 2013. The parties subsequently informed the Court that the government has provided the requested medical records, and that a protective order was not necessary.

The government also indicated that it does not yet know with certainty the extent, location, and accessibility of any other Bureau of Prisons files, but that it intends to further investigate this issue. In addition, the government submitted that the Bureau of Prisons has objections to the production of certain materials that are part of the central file, and that those objections would be better addressed by the Bureau of Prisons itself. The Court therefore orders the Bureau of Prisons, at the further hearing scheduled for June 26, 2013, to show cause why it should not produce the files sought by the defense's motion.

### b. California Department of Corrections and Rehabilitation files

At the discovery hearing, the government indicated that it has produced a limited number of CDCR records, that it is not aware of any other such records in the government's custody at this time, and that it is not currently seeking to obtain such records. The defense stated that it is in the process of seeking to obtain CDCR records through a Rule 17 subpoena. At this time, the Court will not issue an order with respect to the production of CDCR records, and will address the status of the Rule 17 subpoena proceedings at the further hearing scheduled for June 26, 2013.

### 3. Witness Statements

The defense believes that the government has statements from a percipient witness to the homicides that were generated by local and perhaps state investigators, and that the government has done its own follow-up. The defense further asserts that, if the government

is not prepared to provide the information directly to the defense at this time, it should deposit such information with the Court so that the Court can review it and decide whether in fact it should be provided to the defense. Dkt. No. 140 at 8-9. The government responds generally by stating that it is well aware of its "self-executing" obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) to provide exculpatory information or information that impeaches the government's case, and that it will comply with those obligations. Dkt. No. 138 at 4-6. The government submits that, thus far, it is aware of no exculpatory information relating to any defendant's guilt. *Id.* at 7, n.3. The government also asserts generally that there are significant witness safety concerns in this case that are implicated by the production of witness statements, and that even a strict protective order might not be sufficient to protect witness safety.

Again, the Court recognizes that any discovery order in this case must balance witness safety against the need of the defense for timely and effective preparation. At this time, the Court does not order the production of witness statements and continues the issue for further consideration. The Court orders the parties to meet and confer about the existence, timing, and format of such materials, and will review this issue at the hearing on June 26, 2013.

### III. CONCLUSION

The Court will hold a further hearing to address the discovery and disclosure issues raised above on June 26, 2013 at 11:00 a.m. At the hearing, the parties should be prepared to discuss: (1) deadlines for all Rule 16, non-Jencks, disclosures; (2) deadlines for *Brady* and *Giglio* disclosures; (3) protective orders; (4) procedures for Court review of disputed materials; (5) procedures for production of materials demanded under Rule 17; and (6) any other discovery issues that, if resolved, will assist the just administration of justice.

At bottom, Cervantes's motion for discovery is granted in part, with further determination deferred until June 26.

//

1    Any party may object to this non-dispositive order, but must do so within 14 days of
2 being served with the order.  Failure to object waives a party's right to review.  Fed. R.
3 Crim. P. 59(a).
4    IT IS SO ORDERED.
5    Date: May 24, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge