IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HENRY CERVANTES, et al.<br><br>　　　　Defendants.<br>_____/ | No. CR 12-792 YGR<br><br>**ORDER RE: DISCOVERY RELATED TO JURY SELECTION AND SERVICE ACT**<br><br>Re: Dkt. No. 741 |

On October 5, 2015, defendant Henry Cervantes[1] filed a single motion: (1) to find Violation of Jury Selection and Service Act and Deprivation of Due Process and Equal Protection Rights to Address a Fair Cross-Section Attack on the Indicting Grand Jury; (2) to find that Historical Grand Jury Records Indicate a Deprivation of a Fair Cross-section; and (3) for Timely Order for Disclosure of Current Jury Records. (Dkt. No. 741.) The government opposes the motion, arguing, in part, that H. Cervantes previously was provided discovery relating to the composition of the Grand Jury sitting in January 2014. (*See* Dkt. No. 768.) Having considered the parties' filings, and good cause appearing, the Court **GRANTS IN PART** and **DENIES IN PART** the motion, finding as follows:

As the government accurately documents, H. Cervantes was previously provided with discovery relating to the composition of the Grand Jury sitting in January 2014. (*See* Dkt. No. 768 at 2-3.) That Grand Jury was chosen from a 2011 jury wheel and returned the Second Superseding Indictment. However, since that time, the government sought and the Grand Jury returned the Third Superseding Indictment. To the extent this Grand Jury was chosen from a 2013 jury wheel, defendant H. Cervantes is entitled to the same types of materials that the Court previously ordered

---

[1] Alberto Larez and Jaime Cervantes join in H. Cervantes's motion. (*See* Dkt. Nos. 745, 751.)

transmitted to him (*see* Dkt. No. 517) that relate to the Third Superseding Indictment Grand Jury. *See Test v. United States*, 420 U.S. 28, 30 (1975). The request for updated materials is **GRANTED.**

In light of this order of further discovery, and because H. Cervantes has not otherwise shown "substantial failure to comply" with the Jury Selection and Service Act or deprivation of his Due Process or Equal Protection rights, the Court **DENIES** H. Cervantes's motion to the extent he seeks a stay of proceedings (*see* Dkt. No. 741 at 9–10). 28 U.S.C. § 1867(a) ("In criminal cases, . . . the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury."); *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1159 (9th Cir. 2014) (en banc) (explaining the three-part test set out in *Duren v. Missouri*, 439 U.S. 357, 364 (1979) to establish a prima facie violation of the fair cross-section requirement); *Hernandez-Estrada*, 749 F.3d at 1167 ("[S]tatistical proof of underrepresentation does not end the inquiry in equal protection cases. The challenging party must also establish discriminatory intent . . . .").

Accordingly, it is hereby **ORDERED** that within two weeks of this Order the Clerk of the Federal District Court, Northern District of California, shall transmit to the parties in this case copies of any of the Court's records pertinent to the composition of the Grand Jury which indicted H. Cervantes, Alberto Larez, Jaime Cervantes, and Andrew Cervantes on September 17, 2015 in a Third Superseding Indictment (Dkt. No. 724).

It is further **ORDERED** that the parties in this case shall not use any documents released or provided to them by the Clerk of this Court pursuant to this Order for any purpose other than to prepare and, if necessary, litigate a jury composition challenge in this case.

This Order terminates Docket No. 741.

**IT IS SO ORDERED.**

Dated: November 6, 2015

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

2