JOHN T. PHILIPSBORN, ESQ. - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

Attorney for HENRY CERVANTES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HENRY CERVANTES, et al.,<br><br>Defendants. | Case No. 4:12-CR-00792-YGR<br><br>**MOTION FOR DISCOVERY OF FILES AND RECORDS BEARING ON THE MERITS OF THE CASE AND ON THE CREDIBILITY OF WITNESSES, INCLUDING THE GOVERNMENT'S GANG EXPERTS**<br><br>Date: January 11, 2016<br>Time: 11AM<br>Dept: The Hon. Nathanael Cousins, Magistrate Judge |

TO THIS HONORABLE COURT; TO COUNSEL FOR THE GOVERNMENT; TO COUNSEL FOR CO-DEFENDANTS:

On January 11, 2016, before Magistrate Judge Cousins, sitting in Oakland, HENRY CERVANTES will move this Court for orders disclosing the following Government files and records which have been requested of the Government (some for many months) without success or response:

    1.    All previously undisclosed investigation reports and memoranda including joint investigative or intelligence gathering task force information related to Henry Cervantes, beginning in 2003, including since his release in the Northern District in 2009 and arrest in 2011

(for charges related to this case), and including information that has been generated by Federal Probation, the Federal Bureau of Investigation, local law enforcement agencies working with Federal investigators on this case, CDCR gang investigators or SSU agents working in conjunction with Federal investigators on this case; BOP related personnel who participated in any intelligence gathering or investigative activities on Henry Cervantes specifically.  This request includes release of CDCR gang intelligence information or SSU investigative information that CDCR has deposited with the Court as a result of Henry Cervantes's subpoenas;

2. As to Henry Cervantes specifically, SIS reports from the BOP institutions that he was housed in, including but not limited to investigation about Henry Cervantes specifically, or about Henry Cervantes and his alleged gang-related or organization-related communication or activities while he was incarcerated at BOP, including but not limited to information that was generated by SIS at BOP facilities at: Lewisburg; Allenwood; Florence; Herlong; and Inglewood.  This includes information related to a January 2008 'riot' that Mr. Cervantes is alleged to have been involved in;

3. Copies of all SIS files, memos, reports, and emails generated in connection with the January 2008 FCI Florence "riot" that Mr. Cervantes is alleged to have orchestrated or encouraged;

4. Any threat assessment conducted on the Nuestra Familia by the FBI or BOP during times pertinent to this case;

5. Copies of BOP SIS bulletins or advisories issued for the inmate group/security threat group Nuestra Familia and/or Norteño;

6. A copy of any validation package or validation information on Henry Cervantes;

MOTION FOR DISCOVERY OF FILES AND RECORDS BEARING ON THE MERITS OF THE CASE AND ON THE CREDIBILITY OF WITNESSES, INCLUDING THE GOVERNMENT'S GANG EXPERTS

2

| | | |
|---|---|---|
| 1 | 7. | All SIS information or intelligence maintained by BOP SIS offices on |
| 2 | | the inmate group/association called the Nuestra Familia or the inmate |
| 3 | | group or association called Norteños; |
| 4 | 8. | Any information stored or maintained in the BOP gang intelligence |
| 5 | | files on Henry Cervantes or any one of his co-defendants, including |
| 6 | | Andrew Cervantes, Jaime Cervantes, or Alberto Larez; |
| 7 | 9. | Any investigation or intelligence reports or records concerning the |
| 8 | | Nuestra Familia and/or Norteños in the Federal Bureau of Prisons and |
| 9 | | in the Northern District of California maintained by the Sacramento |
| 10 | | Intelligence Unit of the Federal Bureau of Prisons. |

**As May Concern the Testifying Witnesses Who Are Being Proffered as Experts on Gang, Including Norteños and the Nuestra Familia**

10. Any of the above items covered in paragraphs numbers 1 to 9 that have been reviewed by the witness and are a basis for testimony about a particular defendant (Henry Cervantes, Alberto Larez, Jaime Cervantes, Andrew Cervantes) or that serves the basis for any opinion about the Nuestra Familia, Norteños, or any enterprise covered in the Third Superseding Indictment.

The motion will be based on this statement of the motion, on Local Rule 16, on the content of the Federal Rules of Criminal Procedure, and on case law requiring the disclosure of case-related information and evidence for a number of purposes, including exculpation or impeachment.  This motion will also be based on the text of orders that have been rendered in other cases involving prison or BOP issues.  The motion is based on this statement of the motion, on the accompanying exhibits including discovery letters written by the Henry Cervantes defense, and based on the arguments and authorities that are being proffered to the Court in support of this motion, as well as based on the declaration of counsel and accompanying exhibits.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court has previously considered discovery issues in this case. Some of these were issues that were brought to the Court's attention by Henry Cervantes, currently the lead defendant in this matter, at least according to the chart of names on the Indictment. Henry Cervantes has been seeking disclosure of reports, and information, from Government agencies in this case for a considerable period of time. He has repeatedly litigated discovery issues. Admittedly, the Government has made considerable efforts, since Mr. Alioto took over, to provide disclosures of case-related materials from a number of Federal, state, and local departments. Most of this information, however, is in the form of crime reports, or of foundational reports concerning laboratories and the like. The Government, at the request of the Henry Cervantes defense, also tendered about 90,000 pages of historical reports from *U.S. v. Rubalcaba, et al*, CR-00-0654-CRB, earlier in this case.

Thus, this motion does not address itself to discovery, in general. It does address itself, however, to categories of discovery that have, in some instances, been repeatedly requested: for example, gang related investigative reports from the gang intelligence/SSU apparatus of the California Department of Corrections and Rehabilitation; and similar information from the Federal Bureau of Prisons. At this point, with the inclusion of more BOP related information given the presence in this case of two BOP 'gang experts' who purport to have defendant-specific, and Nuestra Familia specific opinions, as well as a local law enforcement gang expert who purports to have the same kind of information (two of these experts also have case-specific investigative information), the Henry Cervantes defense is of the view that requested discovery needs to be turned over soon to allow the parties to prepare for trial.

In an effort to consolidate his discovery requests, Henry Cervantes, through

**MOTION FOR DISCOVERY OF FILES AND RECORDS BEARING ON THE MERITS OF THE CASE AND ON THE CREDIBILITY OF WITNESSES, INCLUDING THE GOVERNMENT'S GANG EXPERTS**

4

counsel, reiterated some of his prior requests, and made new requests, in his thirty-second discovery request, a copy of which is being proffered with this application. That request, addressed to the Government on November 30, 2015, has not been responded to–which is generally true of similar requests made in the past. It took the parties several months to arrange a means for Henry Cervantes to get at his own probation officer's files–which turned out to be important, since she worked with FBI, CDCR, and local law enforcement officers to put Mr. Henry Cervantes under surveillance during the period of time in which he was allegedly committing the crimes charged against him here. The Federal probation file also evidences, as Mr. Cervantes has stated on a number of occasions at this point, that this was an inter-agency investigation.

In addition, the Government also disclosed its gang experts in June and August 2015, and their disclosures include numerous mentions of investigative activities on the Nuestra Familia undertaken by BOP gang investigators Garrow and Feeney, as well as similar activities undertaken by Sergeant Livingston of the Campbell Police Department. All of these persons purport to have what amounts to intelligence information and background information on the Nuestra Familia that the defense is necessarily guessing at because much of it has not been disclosed.

For Henry Cervantes specifically, information about what CDCR and BOP investigators, and local law enforcement gang intelligence investigators, were focused on in the context of this investigation is of some importance. In part because it appears that the Government is of the view that this type of information can essentially be referenced as ancillary, or not particularly important within the framework of the case generally, the Cervantes defense has sought out orders that have been provided in other cases involving BOP issues, and these demonstrate the extent to which courts have ordered BOP files and records disclosed–though admittedly these were death penalty litigations. Mr. Cervantes faces at least four life sentences, so this case is different in that there will be no death penalty

**MOTION FOR DISCOVERY OF FILES AND RECORDS BEARING ON THE MERITS OF THE CASE AND ON THE CREDIBILITY OF WITNESSES, INCLUDING THE GOVERNMENT'S GANG EXPERTS**

5

possibility, but it is no doubt a serious case warranting full discovery.

## II. ARGUMENT AND AUTHORITIES

As explained in detail in the accompanying declaration, the Cervantes defense has repeatedly sought categories of gang investigation and gang intelligence reports, and potential impeaching and exculpatory materials in the possession of the Government. The Government has provided some of this information but has not responded to several discovery requests of the materials at issue here. Thus, the defense is making discovery requests that are covered by Local Criminal Rules as well as by Federal Rule of Criminal Procedure 16(a)(1), and by *Brady v. Maryland*, 373 U.S. 83 (1963).

It is axiomatic that the Government has an "affirmative duty to disclose evidence favorable to the defense," including information that bears on the nature of the investigation, and that may be impeaching evidence reaching the law enforcement investigation, and cooperating witnesses. *Kyles v. Whitley*, 514 U.S. 419, 432 (1995). *Kyles* was a case in which the United States Supreme Court noted that it was error for a state prosecutor to take the position that he had no obligation to make inquiry of local law enforcement investigators about their investigation of a homicide prosecuted by the prosecutor at issue, where the investigation bore on the nature of the investigative process, and on the credibility of an informant.

As the *Kyles* court noted, evidence that is impacted by the *Brady* rule is material when "...considered cumulatively, not item by item...." *Id.*, at 436. Here, the defense is seeking files and records most of which were likely generated by agencies involved in the investigation of this case, and some of them generated by agencies that actually housed, investigated, and dealt with at least three of the defendants in this case: Henry Cervantes, Andrew Cervantes, and Alberto Larez. The law is clear that prosecutors have "...a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *Kyles,* 514 U.S., at 437.

MOTION FOR DISCOVERY OF FILES AND RECORDS BEARING ON THE MERITS OF THE CASE AND ON THE CREDIBILITY OF WITNESSES, INCLUDING THE GOVERNMENT'S GANG EXPERTS

6

1  *Brady* information as interpreted by *Kyles, supra*, and by other cases, means
2  evidence that bears on the credibility of witnesses, including cooperators.  See,
3  generally, *U.S. v. Bagley*, 473 U.S. 667 (1985), and *U.S. v. Giglio*, 405 U.S. 150,
4  154 (1972).

5  While admittedly not controlling of this Court's decisions, and also owing to
6  a degree to the law related to capital cases, the defense respectfully urges this Court
7  to consider the approach used by the District Court in *U.S. v. Sablan, et al.*, Eastern
8  District of California, CR-08-CR-0259-OWW.  The Court should also consider a
9  relatively recent order by the District Court in *U.S. v. Sampson*, 01-CR-10384-
10 MLW, which deals with the BOP, and information in the possession or control of
11 the BOP.  Interestingly, the *Sampson* court (the District of Massachusetts) relies on
12 *U.S. v. Santiago*, 46 F.3d 885 (9th Cir., 1995), to discuss the Government's
13 obligation to get information from BOP–an agency "closely aligned with the
14 prosecution...."  *U.S. v. Risha*, 445 F.3d 298, 305 (3rd Cir., 2006), relying on *U.S. v.*
15 *Brooks*, 966 F.2d 1500, 1503 (D.C.Cir., 1992).

16 The Henry Cervantes defense is not inventing the wheel here–District Courts
17 have been asked–particularly where the Government is aligned with the BOP in its
18 prosecution of individuals–to secure records and files from the BOP.  Relative to
19 the detail of information sought in the capital cases at issue, the Henry Cervantes
20 defense is seeking a relatively modest amount of information, and little case
21 specific incident reports–with the exception of seeking unredacted and useful
22 incident reports bearing on an alleged 'prison riot' situation that Henry Cervantes is
23 alleged to have been involved in at the BOP's FCI Florence, and which the
24 Government contends it will use to prove up its case in chief in this case.  The
25 incident in question was disclosed by the previous prosecutor in this case, Randall
26 Luskey, as a 404(b) incident.  But only a series of redacted and partial reports were
27 provided–a problem, since the reports make it clear that BOP personnel apparently
28 do not have any information, other than through "sources," to demonstrate the

**MOTION FOR DISCOVERY OF FILES AND RECORDS BEARING ON THE MERITS OF THE CASE
AND ON THE CREDIBILITY OF WITNESSES, INCLUDING THE GOVERNMENT'S GANG EXPERTS**

7

complicity of Mr. Cervantes in the riot which he is generally alleged to have 'orchestrated,' but not actively participated in.

Mr. Cervantes was before this Court seeking his CDCR and BOP files about two years ago. CDCR has still not revealed all of the information about the gang investigation in this case, nor has the BOP. It may be that an order to show cause addressed to CDCR is going to be necessary at some point, but the hope is that the prosecution in this case will make the few calls it is going to need to make (especially since its investigators worked with CDCR investigators in this case) to get the files and records necessary.

### A.  The Disclosures Sought Bear on the Credibility of Government Experts and Potentially Government Cooperators

There is little doubt, since the Government has been opposing defense motions to exclude Government expert testimony on the Nuestra Familia, on the investigation of this case, and on particular BOP investigative activities related to this case, that the Government wants its three experts: BOP gang investigator Anthony Garrow; former BOP gang investigator John Feeney; and Detective Sergeant Dan Livingston of the Campbell Police Department to testify in this case. If the Court needs copies of the Government's two expert disclosure letters, these can be furnished to the Court. It is unlikely that there will be a dispute that these three individuals are the disclosed Government gang experts or that all three of the individuals purport to be experts on the Nuestra Familia based in part on their prior investigations, and their intelligence gathering activities–during which they conducted interviews of allegedly active members, debriefers, and others concerning the Nuestra Familia.

Both the BOP and CDCR have specific gang investigations and gang intelligence gathering apparatuses, as does the FBI. The Government has effectively tiptoed around having to disclose the information from these intelligence gathering apparatuses, but they are inextricably interwoven with the

MOTION FOR DISCOVERY OF FILES AND RECORDS BEARING ON THE MERITS OF THE CASE
AND ON THE CREDIBILITY OF WITNESSES, INCLUDING THE GOVERNMENT'S GANG EXPERTS

8

1 prosecution of this case and should be disclosed.

## CONCLUSION

For the reasons stated here, and in the supporting declaration of counsel, this Court should order the disclosures sought.

Dated: December 8, 2015               Respectfully Submitted,

                                      JOHN T. PHILIPSBORN

                                       */s/ John T. Philipsborn*
                                      JOHN T. PHILIPSBORN
                                      Attorney for Henry Cervantes

**MOTION FOR DISCOVERY OF FILES AND RECORDS BEARING ON THE MERITS OF THE CASE AND ON THE CREDIBILITY OF WITNESSES, INCLUDING THE GOVERNMENT'S GANG EXPERTS**

# PROOF OF SERVICE

I, Melissa Stern, declare:

That I am over the age of 18, employed in the County of San Francisco, California, and not a party to the within action; my business address is Suite 350, 507 Polk Street, San Francisco, California 94102.

On today's date, I served the within document entitled:

**MOTION FOR DISCOVERY OF FILES AND RECORDS BEARING ON THE MERITS OF THE CASE, AND ON THE CREDIBILITY OF WITNESSES, INCLUDING THE GOVERNMENT'S GANG EXPERTS**

( )   By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, CA, addressed as set forth below;

(X)   By electronically transmitting a true copy thereof;

( )   By having a messenger personally deliver a true copy thereof to the person and/or office of the person at the address set forth below.

Joseph Alioto, Jr., Assistant U.S. Attorney
Jennifer Sykes, DOJ Trial Lawyer
Robert S. Tully, OCGS Trial Lawyer

All defense counsel through ECF

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this December 8, 2015, at San Francisco, California.

Signed:   */s/ Melissa Stern*
Melissa Stern

**MOTION FOR DISCOVERY OF FILES AND RECORDS BEARING ON THE MERITS OF THE CASE AND ON THE CREDIBILITY OF WITNESSES, INCLUDING THE GOVERNMENT'S GANG EXPERTS**

10