JOHN T. PHILIPSBORN, ESQ. - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

Attorney for HENRY CERVANTES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HENRY CERVANTES, et al.,<br><br>　　　　Defendants. | Case No. 4:12-CR-00792-YGR<br><br>*IN LIMINE* MOTION NO. 12<br><br>**HENRY CERVANTES'S MOTION FOR THE COURT TO RECOGNIZE AND PERMIT CROSS-EXAMINATION AND DEFENSE EVIDENCE TO SUPPORT DEFENSES PERMITTED UNDER RICO, RICO CONSPIRACY, AND VICAR LAWS–A MIX OF STATE AND FEDERAL DEFENSES**<br><br>**Dept: The Hon. Yvonne Gonzalez Rogers, District Judge** |

## I.   INTRODUCTION AND STATEMENT OF THE MOTION

The purpose of this motion *in limine*, given that the parties have yet to discuss the substantive law of the case with the Court at any length, is to make sure that the Court puts in place a decision making structure which will permit the defense to develop defenses that are permitted given the nature of the charges in this case. As the Court is aware, this case charges a series of conspiracy charges, including conspiracies to "conduct and participate" in the affairs of a racketeering enterprise (Count 1); conspiracies to commit violent crimes in aid of racketeering (Counts 2 and 3, as examples); and the commission of violent crimes in aid of

1  racketeering (Counts 5 and 6, as specific to Henry Cervantes).

2      Mr. Cervantes has already filed briefing with the Court demonstrating that

3  the Ninth Circuit recognizes both voluntary intoxication and diminished capacity as

4  bases on which to negate specific intent.  *United States v. Twine*, 853 F.2d 676 (9th

5  Cir., 1988) ["...Twine was entitled to have his mental defect evidence considered

6  on the issue of whether he possessed the mental capacity to form the specific intent

7  to threaten members of the group home and to transmit his threats." [Footnote

8  omitted.] *Id.*, at 680.] The Ninth Circuit Model Jury Instruction 6.8 covers both

9  intoxication and 'abnormal mental condition' and makes these available "...in

10  deciding whether the Government has proved beyond a reasonable doubt that the

11  defendant acted with the intent to commit [the crime charged.]"

12      *Twine*, however, covers a defense recognized by a Federal Circuit Court.

13  Thus, for example, when the Ninth Circuit ruled in *U.S. v. Kane*, 399 F.2d 730, 736

14  (9th Cir., 1968), that intoxication is available to negate specific intent where the

15  accused has been charged with murder, the court is referencing defenses as these

16  are applied in most Federal cases involving purely Federal statutes.

17      A racketeering case, however, incorporates state law, and thus a

18  complication is raised where the charge, of necessity, incorporates state law and a

19  violation of state statutes.  As the District Court explained in *United States v.*

20  *Slocum*, 486 F.Supp.2d 1104, 1108 (C.D.Cal., 2007), affirmed in *United States v.*

21  *Houston*, 648 F.3d 806, 816 (9th Cir., 2011), because RICO statutes define

22  racketeering activity to involve acts or threats involving murder which are

23  chargeable under state law, the court looks at state law in assessing defenses

24  against violations of state law incorporated into the charges as predicate acts.

25      As a result, the Henry Cervantes defense, is concerned to make sure that it

26  will be permitted to defend this case according to the law of the Circuit, initiates

27  the discussion now in order to ensure that it can cross-examine Government

28  witnesses to begin to develop its defense, and then present its own witnesses for the

1    same purpose.

2    **II.    ARGUMENT AND AUTHORITIES**

3        This motion makes reference to the Ninth Circuit's decision in *United States*

4    *v. Houston*, 648 F.3d 806, in part because that case involved charges that included

5    a racketeering conspiracy and charges of violent crimes in aid of racketeering.  As

6    the Ninth Circuit noted, the appellants in the case had been convicted of

7    substantive RICO, and a RICO conspiracy predicated on a conspiracy to murder,

8    and on two counts of VICAR murder.  *Id.*, at 811-13.  In that case, the law of

9    Pennsylvania as well as the law of California was incorporated into the indictment.

10   As the Ninth Circuit explained: "...California law governs the availability of a [...]

11   defense for the predicate racketeering acts of conspiracy to commit murder in

12   violation of [California statutes]....Federal law governs the availability of the

13   defense for the RICO conspiracy and VICAR murder charges." *Id.*, at 816-17.

14       Other cases have discussed the complexities raised when racketeering

15   charges of some kind are involved and there is an indictment that incorporates state

16   charges.  This point was acknowledged by the Second Circuit in *U.S. v. Carrillo*,

17   229 F.3d 177 (2d Cir., 2000), when it explained that "it is difficult to see...how the

18   defendant could be properly convicted if the conduct found by the jury did not

19   include all elements of the state offense since RICO requires that the defendant

20   have committed predicate acts 'chargeable under state law'...." *Id.*, at 184.  The

21   Fourth Circuit also concluded some time ago that it was correct for a District Court

22   to instruct according to state law criteria on state offenses incorporated into a

23   substantive RICO count.  *U.S. v. Celestine*, 43 F.App'x 586, 591-92 (4th Cir.,

24   2002).

25       As discussed at some length by the Second Circuit in the above-referenced

26   *Carrillo, supra*, case, it is in part because of the way that racketeering laws were

27   enacted, and also because of the way cases are charged, that the issues presented

28   become complicated by the incorporation of state law.  The Second Circuit noted

1  that: "Refusal to incorporate state procedural and evidentiary requirements has no

2  logical bearing on the issue whether in a federal RICO prosecution the government

3  must prove the elements of the state law offense that serves as a predicate

4  racketeering act." *Id.*, at 183-84.  This point was reflected on at some length by

5  Judge Johnston's lengthy analysis of the issue in *U.S. v. Barbieto*, 2010 U.S.Dist.

6  LEXIS 55688 (S.D.W.Va, 2010), an unpublished racketeering case order that

7  reviews at great length the advent of the racketeering laws, and the question of the

8  role state law plays in defining any part of a Federal case that incorporates state

9  crime definitions into racketeering related charges.  The most succinct discussion

10 of the issue is found in the Ninth Circuit's decision in *United States v. Houston,*

11 *supra*, 648 F.3d 806, 813-16.  Since, as the Ninth Circuit puts it, state law governs

12 the availability of defenses for the predicate racketeering acts incorporated into the

13 substantive RICO charge.

14 As Judge Johnston explained it in *Barbieto, supra*, VICAR and RICO need

15 to be construed together, and where a predicate crime of violence is incorporated

16 into either a RICO or VICAR charge, "...if the alleged crime of violence does not

17 violate the elements of a state law, it cannot form the basis for a VICAR charge."

18 Unpublished decision, at pp. 16-22.  This view, incidentally, appears to be

19 consistent with the publication by the United States Department of Justice,

20 Organized Crime and Racketeering Section, of its *Manual for Federal Prosecutors,*

21 *Violent Crimes in Aid of Racketeering* (December 2006).  That manual explains

22 that in order to be certain that a Section 1959 charge based on a violation of state or

23 federal law satisfies the definition of the predicate violent crimes listed in Section

24 1959, "...the government must prove, and the jury must be instructed on, all the

25 requisite elements of that state or federal offense."[1]

26 _____

27 [1] The manual at issue is attributed to authors Marine, Crow, and Lee, and appears
   on the website www.justice.gov.  In reviewing the issues discussed here, the manual at
28 issue quotes extensively from *Carrillo, supra*.  (Manual, at pp.24-25.)

*IN LIMINE* **MOTION NO. 12–MOTION FOR THE COURT TO RECOGNIZE AND PERMIT CROSS-EXAMINATION AND DEFENSE EVIDENCE TO SUPPORT DEFENSES PERMITTED UNDER RICO, RICO CONSPIRACY, AND VICAR LAWS–A MIX OF STATE AND FEDERAL DEFENSES**   4

## CONCLUSION

Mr. Cervantes's purpose in this memorandum, as it was in the memo that covered mental condition defenses in the Ninth Circuit, is to flag issues that are likely to be discussed at some length during the course of the trial of this case. The Court will note that throughout the Third Superseding Indictment, there are counts that incorporate by reference state law, and thus the elements of state crimes, giving rise to the argument that the Government in certain particulars will need to prove the existence of those elements, and that the defense can avail itself of defenses that would negate the existence of the state law predicates. Mr. Cervantes notes that he depends in part on Ninth Circuit law for his substantive defenses to Counts 5 and 6.

Dated: January 5, 2016                       Respectfully Submitted,

                                             JOHN T. PHILIPSBORN


                                             */s/ John T. Philipsborn*
                                             JOHN T. PHILIPSBORN
                                             Attorney for Henry Cervantes

1

## PROOF OF SERVICE

2

I, Melissa Stern, declare:

3

That I am over the age of 18, employed in the County of San Francisco,
California, and not a party to the within action; my business address is Suite 350,
4  507 Polk Street, San Francisco, California 94102.

5

On today's date, I served the within document entitled:

6  ***IN LIMINE* MOTION NO. 12–HENRY CERVANTES'S MOTION FOR THE
COURT TO RECOGNIZE AND PERMIT CROSS-EXAMINATION AND
7  DEFENSE EVIDENCE TO SUPPORT DEFENSES PERMITTED UNDER
RICO, RICO CONSPIRACY, AND VICAR LAWS–A MIX OF STATE AND
8  FEDERAL DEFENSES**

9  ( )   By placing a true copy thereof enclosed in a sealed envelope with postage
thereon fully prepaid, in the United States Mail at San Francisco, CA,
10     addressed as set forth below;

11  (X)   By electronically transmitting a true copy thereof;

12  ( )   By having a messenger personally deliver a true copy thereof to the person
and/or office of the person at the address set forth below.
13

14  Joseph Alioto, Jr., Assistant U.S. Attorney
Robert S. Tully, OCGS Trial Lawyer
15

16  All defense counsel through ECF

17

18

I declare under penalty of perjury under the laws of the State of California
19  that the foregoing is true and correct.

20

Executed this January 5, 2016, at San Francisco, California.

21

Signed:     */s/ Melissa Stern*
Melissa Stern
22

23

24

25

26

27

28