UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY CERVANTES, *et al.*,<br><br>    Defendants. | Case No.: 12-CR-0792 YGR<br><br>TRIAL ORDER NO. 3 RE: H. CERVANTES MOTION FOR ADMISSION OF ADDITIONAL PORTIONS OF MONITORED TELEPHONE CALLS<br><br>RE: DKT. NO. 1192 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

This Order addresses the Henry Cervantes' May 16, 2016 filing entitled "Memorandum in Support of Defense Arguments that the Court has the Power to Allow the Defense in a Criminal Case to Present Evidence in a Way that is Consistent for the Determination of the Truth, and that Allows the Presentation of Statements about an Individual in a Sufficiently Complete Way" (Dkt. No. 1192, "Motion") which requests, in essence, the admission of portions of monitored telephone calls disclosed to the defense, but not played, and admitted, during the trial. Henry Cervantes bases his request on Federal Rules of Evidence (hereinafter, "Rule") 611(a) (control of proceedings by the court) and 106 (rule of completeness) citing to a handful of cases. In order to evaluate defendant's request, the Court requested the precise excerpts which he contended should be admitted. On May 17, 2016, Henry Cervantes filed the proffer (Dkt. No. 1198) consisting of eight additional clips: six of conversations between Andrew Cervantes and Alberto Larez and two between Skip Villanueva and Fernando Rangel. Some of the clips relate to calls not played at all during the trial.

On May 17, 2016, and prior to the proffer, the government filed its opposition. (Dkt. No. 1199.) As a threshold matter, the government correctly argues that the basis for the admission of the calls in the first instance is Rules 801(d)(2)(A) and 801(d)(2)(E). (*Id*. at 2:12-3:4.) Rule 801

only allows the out-of-court statements to be admitted because they constitute admissions offered by a party opponent. Here, the clips proffered by Henry Cervantes are out-of-court statements by the other defendants themselves (A. Cervantes and A. Larez) or other co-conspirators (S. Villaneuva and F. Rangel) and are offered not against another defendant but on his own behalf.[1] Next, the government argues that Rule 106 "does not render admissible otherwise inadmissible hearsay," *United States v. Mitchell*, 502 F.3d 931, 965, n. 9 (9th Cir. 2007),[2] rather, it only allows for introduction of the evidence to occur at the same time.

The Court agrees with the general legal framework articulated by the government. However, even if other rules would provide the Court with the authority to admit the proffers, the Court has reviewed the specific requests and does not find that the clips proffered are required to "correct a misleading impression." *See United States v. Liera-Morales*, 759 F.3d 1105, 1111-12 (9th Cir. 2014). First, not surprisingly, any given telephone conversation will include many subject matters as the dialogue progresses. As a specific matter, the admitted clips are self-contained and none of the proffered clips are required for completeness in that regard, nor does the Court understand that to be defendant's argument. Rather, defendant argues, more generally, that the admitted portions reflect that "he is actively participating and is mentioned by alleged co-conspirators as such." (*Id*. at 4:14-15.) He then argues that the omitted portions demonstrate a "lack of performance," due in part to drug usage, "surprise over the Coolidge Avenue killings, and the notion that the killings have now brought unwanted 'heat.'" (*Id.* at 17-21.)

Given the evidence offered during the trial, including Mr. Feeney's opinions regarding the coded language used by the defendants, the Court interprets the proffered clips as reflecting a consistent view that Henry Cervantes is participating. The additional information that appears to be reflected is an internal dispute between Larez, Henry Cervantes, and perhaps, Rangel, regarding the

---

[1] The Court notes that all of the other defendants joined the motion without any analysis and without any proffers. (Dkt. Nos. 1193, 1194, and 1195.) The joinders are summarily denied.

[2] Citing *United States v. Sine*, 493 F.3d 1021, 1037, n. 17 (9th Cir. 2007), *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996), and *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000).

nature of Henry Cervantes' participation and to whom he claims he is reporting, *i.e.* Andrew Cervantes or Skip Villanueva.  Additionally, the snippet which appeared to reference Henry Cervantes' drug use does not change the gravamen of the submission, nor is it inconsistent with the government's presentation of the same evidence through the testimony of other witnesses.  Thus, the submissions, which may be useful to the Henry Cervantes' defense, do not present a circumstance where the Court should employ Rules 106 or 611(a), and the cases cited, in lieu of Rule 801(d)(2)(A) and 801(d)(2)(E).  The Motion is **DENIED**.

**IT IS SO ORDERED**.

Date: May 19, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**