JOHN T. PHILIPSBORN, ESQ. - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

Attorney for HENRY CERVANTES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HENRY CERVANTES, et al.,<br><br>    Defendants. | **Case No. 4:12-CR-00792-YGR**<br><br>**STIPULATION OF THE PARTIES AND ORDER FOR THE RELEASE UNDER SPECIFIED CONDITIONS OF TESTING DOCUMENTATION, NOTES, BOOKLETS, AND MATERIALS OF DR. DANIEL MARTELL, Ph.D.**<br><br>**Dept: The Hon. Yvonne Gonzalez Rogers, District Judge** |

The Government, represented by Assistant United States Robert Rees, appearing as designated Taint Team Counsel, and Henry Cervantes, represented by John Philipsborn, hereby agree and stipulate as follows:

1. Mr. Rees, in his capacity as counsel for the Government for these purposes, is directed to forward a copy of this Order to Dr. Daniel Martell at his office, c/o Forensic Neuroscience Consultants, Inc., 2906 Lafayette, Newport Beach, California 92663, and Mr. Rees shall notify Dr. Martell by phone and/or email as soon as attorney Rees is aware of the stipulation and the Court's Order, so as to expedite compliance with the Court's Order.

2. No later than Wednesday, June 15, 2016, Dr. Daniel Martell shall make arrangements to express mail/express deliver one copy of his testing booklets,

1 answer sheets, notes, interview notes, and testing documentation to Dr. Deborah Miora, 435 N. Roxbury Drive, Ste 406, Beverly Hills, California 90210, phone 310-430-4609.

3. A second copy of the identical material shall be sent to Assistant United States Attorney Robert Rees at the Offices of the United States Attorney for the Northern District of California at 450 Golden Gate Avenue, 11th Floor, San Francisco, California 94102.

4. Upon receipt of testing materials from Dr. Martell, Mr. Rees shall prepare a full copy of all of Dr. Martell's forwarded documents and shall supply these to defense counsel John Philipsborn. Attorney Philipsborn is to maintain Dr. Martell's files and records in his possession, and to use and maintain the records under the terms of this Stipulation.

5. Pursuant to the Taint Team and firewall process agreed upon by the parties in this case, attorney Philipsborn shall have no more than 48 hours from the time of his receipt of the testing materials produced by Dr. Martell to advise AUSA Robert Rees of any objections that he may have to the scope and nature of the testing of Henry Cervantes. If such notice is tendered, the parties, represented by Mr. Rees and Mr. Philipsborn shall timely notify the Court in writing of the nature of the issues presented, and shall make themselves available to discuss the matter(s) presented with the Court. If Mr. Philipsborn determines that no objections will be made, or that any objections can be timely resolved by the Government's trial counsel, pursuant to the terms of this Stipulation and of the below appearing Order, attorney Philipsborn shall confer with Mr. Rees and shall make Dr. Martell's testing material available to the Government's trial team forthwith.

6. Dr. Daniel Martell's testing papers, notes, notes of interviews, testing booklets, and the like shall be maintained in strict confidence by Dr. Miora, AUSA Robert Rees, AUSA William Frentzen and the Government's trial team as well as defense lawyer Philipsborn and shall not be disseminated to anyone other than

experts Dr. Deborah Miora and Dr. Pablo Stewart.

7. In order to ensure that Dr. Martell complies with his obligations to make every attempt to preserve test confidentiality and integrity, and in order to minimize intrusion into that obligation, counsel for the parties are hereby instructed that after completion of the trial of this matter, Dr. Martell's documentation, including testing booklets, answer sheets, score sheets, and the like that are the product of copyrighted test publishers shall be destroyed, or returned to Dr. Martell.

8. The parties hereby acknowledge that the purpose of this stipulation is to ensure compliance with the provisions of Federal Rule of Criminal Procedure 12.2(b), while at the same time attempting to accommodate concerns that licensed psychologists and neuropsychologists have about the handling of their testing and evaluation materials, as well as to preserve Mr. Cervantes's right to confidentiality of medical, psychological, and psychiatric material should he and his counsel decide to not put on a mental condition defense through an expert in this case.

SO AGREED AND STIPULATED:

Dated: June 10, 2016        By: *s/Robert Rees*
                                Robert Rees
                                Assistant United States Attorney
                                Counsel for The Government


Dated: June 10, 2016        By: *s/ John Philipsborn*
                                John Philipsborn
                                Counsel for Henry Cervantes

## ORDER ADOPTING STIPULATION CONCERNING DR. MARTELL'S TESTING MATERIALS

GOOD CAUSE APPEARING, the parties having stipulated, IT IS ORDERED that the above stipulation is now adopted by this Court, and the above stipulation is hereby incorporated by reference as though fully set forth here as the text of this Court's Order concerning the testing materials of Dr. Daniel Martell. Counsel for the parties are hereby directed to timely perform their duties under the stipulation and Order as are Dr. Martell, Dr. Miora and Dr. Stewart once they have been served with a copy of this Order.

SO ORDERED.

Dated: June 13, 2016

_____
THE HON. YVONNE GONZALEZ ROGERS, DISTRICT COURT JUDGE