UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>Plaintiff,<br>v.<br>**HENRY CERVANTES**,<br>Defendant. | Case No. 12-cr-00792-YGR-1<br><br>**ORDER PARTIALLY DENYING DEFENDANT HENRY CERVANTES'S MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL; DENYING MOTION TO HOLD SENTENCING HEARING IN ABEYANCE**<br><br>Re: Dkt. No. 1443, 1507 |

Currently before the Court is defendant Henry Cervantes's motion for judgment of acquittal and for a new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33, respectively. (Dkt. No. 1443.) Specifically, defendant H. Cervantes moves on the jury's guilty verdicts as to the following: (i) Count One, Racketeering Conspiracy, 18 U.S.C. § 1962(d); (ii) Count Seven, Conspiracy to Obstruct Justice, 18 U.S.C. section 371; (iii) Count Nine, Obstruction of Justice, 18 U.S.C. sections 1512(c)(2) and 2; (iv) Count Ten, Use of Fire to Commit Felony, 18 U.S.C. sections 844(h) and 2; and (v) Count Twenty-One, Drug Conspiracy, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Additionally, defendant H. Cervantes argues that the Court should enter a judgment of acquittal as to the following, for which the jury returned an undecided verdict: (i) Count Five, Murder in Aid of Racketeering of Renee Washington, 18 U.S.C. §§ 1959(a)(1) and 2; (ii) Count Six, Murder in Aid of Racketeering of John Gilbert Navaerette, 18 U.S.C. §§ 1959(a)(1) and 2; and (iii) the special interrogatory appended to Count Twenty-One related to drug weights.[1]

---

[1] With regards to defendant's arguments in support of his motions for judgment of acquittal or a new trial as to these counts, defendant incorporates his motions at Docket Numbers 1329 and 1330, filed prior to the jury's verdict. The Court previously denied such motions. (Dkt. No. 1397.) With regards to defendant H. Cervantes's motion for acquittal as to the special interrogatory appended to Count Twenty-One, the Court requested further briefing from the government on the issue of sufficiency of the evidence as to the same. (Dkt. No. 1532.)

Having carefully considered the papers submitted on this motion and the record at trial, and for the reasons set forth below, the Court partially **DENIES** defendant H. Cervantes's Rule 29 and Rule 33 motion for judgment of acquittal and for a new trial as follows: The Court **DENIES** defendant H. Cervantes's motion as to Counts One, Five, Six, Seven, Nine, Ten, and Twenty-One. The Court shall rule on defendant's motion for judgment of acquittal with respect to the special interrogatory in Count 21 after briefing on such issue is complete.[2]

### I. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 29, a court may set aside a guilty verdict and enter an acquittal. Fed. R. Crim. P. 29. "In ruling on a Rule 29 motion, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (quoting *United States v. Bahena-Cardenas*, 70 F.3d 1071, 1072–73 (9th Cir. 1995)) (emphasis in original). Additionally, the Court "must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977) (internal quotations and citations omitted).

Under Federal Rule of Criminal Procedure 33, upon the defendant's motion, a "court may vacate any judgment and grant a new trial if the interest of justice so requires." In the Ninth Circuit, a motion for a new trial must be granted if an error, "in any reasonable likelihood, [could]

---

[2] On November 25, 2016, defendant H. Cervantes also filed a motion seeking to hold his sentencing hearing in abeyance, pending the Court's ruling on certain post-trial motions. (Dkt. No. 1507.) Specifically, defendant H. Cervantes moves for an abeyance pending the Court's ruling on his motion for a judgment of acquittal or new trial (Dkt. No. 1443) and his motion for double jeopardy clause protection and application of collateral estoppel and issue preclusion (Dkt. No. 1452). The Court has since denied defendant H. Cervantes' motion at Docket Number 1452, and has now denied his motion at Docket Number 1443, save for one issue relating to the special interrogatory appended to Count 21, referenced above. (Dkt. No. 1513.) As discussed above, the Court has requested further briefing from the government as to the same. In any event, the Court does not find that this remaining issue affects in any way the sentencing hearing currently set for December 21, 2016. Accordingly, the Court **DENIES** defendant H. Cervantes's motion to hold his sentencing hearing in abeyance.

have affected the judgment of the jury." *United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978). If the Court decides that the weight of the evidence "preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (internal quotations and citation omitted).

## II. DISCUSSION

### A. Counts One and Twenty-One

The jury found defendant H. Cervantes guilty of both Counts One and Twenty-One. (Dkt. No. 1433.) With regards to Count One, the Court instructed the jury as to the following elements: (i) the existence of the charged enterprise, here the Nuestra Familia; (ii) that the enterprise would affect interstate or foreign commerce; (iii) that defendant knowingly agreed that either the defendant or another person would be associated with the enterprise; and (iv) that defendant knowingly agreed that either he or another person would conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity. (Dkt. No. 1413, July 13 Trial Tr. 7927:11–19.) With regards to Count Twenty-One, the Court instructed the jury as to the following elements: (i) an agreement between two or more persons to distribute and possess with intent to distribute a controlled substance; and (ii) that defendants joined in the agreement knowing of its purpose and intending to help accomplish that purpose. (*Id.* at 7986:2–7.)

Defendant's arguments do not appear to challenge the sufficiency of the evidence as to any of the elements listed above in Counts One and Twenty-One. Rather, defendant dedicates most of his argument to challenging the imposition of conspiratorial liability for acts by other members of such conspiracies. (*See* Dkt. No. 1330 at 7–10.) Such, however, misses the point. With regards to Count One, the question is whether defendant H. Cervantes agreed to associate himself with an enterprise that conducts its affairs through a pattern of racketeering. With regards to Count Twenty-One, the question is whether defendant H. Cervantes entered into an agreement regarding the distribution of a controlled substance. Defendant does not proffer any evidence or arguments casting doubt on the jury's finding that he participated in such conspiracies. Thus, defendant

3

failed to meet his burden to show that the evidence was insufficient for the jury to find him guilty of each element of the crimes in Counts One and Twenty-One. Accordingly, the Court **DENIES** defendant's motion as to the same.

### B. Counts Five and Six

As to both Counts Five and Six, the jury failed to reach any verdict. (Dkt. No. 1433 at 8–9.) With regards to both, the Court instructed the jury as to the following elements: (i) that an enterprise existed; (ii) that the enterprise engaged in racketeering activity; (iii) that the defendant committed the murders as defined under the laws of California; and (iv) that defendant's purpose "in committing murder was to gain entrance to, or to maintain, or to increase his position in the enterprise." (Dkt. No. 1413, July 13 Trial Tr. 7968:6–20.) Defendant concedes that the government introduced sufficient evidence to demonstrate that he was involved in the homicides at issue in these counts, but contends that the evidence presented at trial was insufficient to support the necessary inferences that defendant H. Cervantes committed such murders with the proper scienter. On this basis, defendant argues that the Court should enter a judgment of acquittal as to Counts Five and Six.[3]

Defendant does not persuade. The Court finds that, although the jury rendered an inconclusive verdict, there was sufficient evidence for a rational trier of fact to find that defendant H. Cervantes had the requisite motive for liability under Counts Five and Six. For instance, the government submitted evidence that defendant H. Cervantes committed such murders in compliance with the code of conduct within the Nuestra Familia. (*See* Dkt. No. 1368 at 8.) The Ninth Circuit has indicated that such evidence can be sufficient in certain circumstances to establish the purpose element in Counts Five and Six. *See United States v. Banks*, 514 F.3d 959, 970 (9th Cir. 2008) ("For defendants in some criminal organizations, proving the purpose element is straightforward. Such organizations often have clearly delineated rules for establishing,

---

[3] Defendant H. Cervantes also moved this Court to apply Double Jeopardy protection or collateral estoppel protection as to Counts Five and Six on the basis of the jury's acquittal as to Counts Two and Three. (Dkt. No. 1452.) The Court denied such motion in an order dated November 30, 2016. (Dkt. No. 1513). The Court incorporates its discussion of such issues, as well as its recitation of the relevant facts as to such counts, in that order here.

4

maintaining, and improving one's position within the organization . . . ."). Additionally, the government presented testimony from several Nuestra Familia members corroborating the same, as well as evidence that defendant H. Cervantes then utilized the resources of Nuestra Familia to cover up the murders. Viewed in its totality, the Court cannot conclude that such evidence is legally insufficient to establish liability for the murders in aid of racketeering charged in Counts Five and Six. *See Alarcon-Simi*, 300 F.3d at 1176. Accordingly, the Court **DENIES** defendant's motion as to the same.

### C. Counts Seven, Nine, and Ten

The Court addressed the sufficiency of the evidence as to Counts Seven, Nine, and Ten with respect to defendant Jaime Cervantes in an order dated November 8, 2016. (Dkt. No. 1502.) The same evidence that supports a guilty finding as to defendant J. Cervantes in those counts also applies to defendant H. Cervantes. The Court thus incorporates its discussion of the issues relating to these three counts in its November 8, 2016 order here. For the same reasons the Court denied defendant J. Cervantes' motion for a judgment of acquittal or for a new trial as to those counts, the Court also **DENIES** defendant H. Cervantes' instant motion as to the same.

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows: The Court **DENIES** defendant H. Cervantes's motion pursuant to Rule 29 and Rule 33 as to Counts One, Five, Six, Seven, Nine, Ten, and Twenty-One. The Court shall rule on defendant's motion as to the special interrogatory appended to Count Twenty-One by separate order on a later date. The Court **DENIES** defendant's motion to hold his sentencing hearing, currently scheduled for December 21, 2016, in abeyance.

This Order terminates Docket Number 1507.

**IT IS SO ORDERED.**

Dated: December 15, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**