UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **HENRY CERVANTES**, Defendant. | Case No. 12-cr-00792-YGR-1 **ORDER DENYING DEFENDANT HENRY CERVANTES'S MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNT 21 SPECIAL INTERROGATORY** Re: Dkt. No. 1443 |

On December 15, 2016, the Court denied defendant Henry Cervantes's Federal Rule of Criminal Procedure 29 and 33 motions for judgment of acquittal and for a new trial, but reserved ruling on defendant H. Cervantes's Rule 29 motion for acquittal as to the special interrogatory appended to Count 21. (Dkt. No. 1537.)

Under Federal Rule of Criminal Procedure 29, a court may set aside a guilty verdict and enter an acquittal. Fed. R. Crim. P. 29. "In ruling on a Rule 29 motion, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (quoting *United States v. Bahena-Cardenas*, 70 F.3d 1071, 1072–73 (9th Cir. 1995)) (emphasis in original). Additionally, the Court "must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977) (internal quotations and citations omitted).

By way of background, the jury found defendant H. Cervantes guilty of the drug conspiracy charged in Count 21, but did not reach a verdict as to the special interrogatory, which asked the jury to determine the amount of methamphetamines involved in such conspiracy. The

1 Court previously denied defendant H. Cervantes's motion for double jeopardy clause protection
2 and application of collateral estoppel and issue preclusion as to the drug weight issue in Count 21.
3 (Dkt. No. 1513.) Specifically, defendant H. Cervantes argued that certain findings in Count 1
4 precluded any findings or retrial as to drug weight in Count 21. To the extent defendant raised the
5 same arguments in regards to his Rule 29 motion, the Court similarly is not persuaded.

The only issue, therefore, that the Court need decide is whether the evidence presented at trial was constitutionally insufficient to sustain a finding on the drug weight issue in the Count 21 Special Interrogatory. The Court ordered the government to provide supplemental briefing addressing that particular issue. The government filed a brief responsive to the Court's request (Dkt. No. 1538) and defendant replied (Dkt. No. 1541). In light of the parties' submissions, the Court finds that the evidence was not constitutionally insufficient such that a directed verdict should be entered in favor of defendant H. Cervantes on the Special Interrogatory appended to Count 21. Accordingly, the Court **DENIES** defendant H. Cervantes's motion.

This Order terminates Docket Number 1443.

**IT IS SO ORDERED.**

Dated: February 6, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**